In the Matter of the Claim of INGBORG LARSEN, Respondent, against PAINE DRUG COMPANY et al., Appellants.

**Workmen's Compensation Law** — employee injured while engaged in work fairly incidental to prosecution of business entitled to compensation.

1. Where an employee is injured while performing an act which is fairly incidental to the prosecution of a business and appropriate in carrying it forward and providing for its needs, he or his' dependents are not to be barred from recovery because such act is not a step wholly embraced in the precise and characteristic process or operation which has been made the basis of the group in which employment is claimed.

2. Claimant's husband, who was employed as "porter, elevator and handy man" by a corporation engaged in the business of

" drugs and chemical supplies," or, as stated in the first notice of injury, "retail and wholesale drugs and physician's supplies," while engaged in building a shelf near an elevator well and while reaching into the elevator well to obtain a board fell down the elevator shaft and was killed. *Held,* that in the absence of substantial evidence to the contrary, the compensation commission was entitled to presume (§ 21) that the employer was engaged in the hazardous business of manufacturing drugs and chemicals as defined in group 28 of section 2 of the Workmen's Compensation Law (L. 1914, ch. 41), and, the employee having been killed while engaged in work fairly incidental to the prosecution of the business and appropriate in carrying it forward and providing for its needs, an award was properly made.

*Matter of Larsen* v. *Paine Drug Co.,* 169 App. Div. 838, affirmed.

(Argued April 12, 1916; decided May 12, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 9, 1915, affirming an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*Bertrand L. Pettigrew* and *Walter L. Glenney* for appellants. The death of claimant's intestate did not occur while he was engaged in any of the hazardous employments enumerated in the New York State Workmen's Compensation Law. (*McQueeney* v. *Sutphen & Myer,* 167 App. Div. 528; *Kohler* v. *Frohmann,* 167 App. Div. 533.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The injuries which resulted in the death of claimant's intestate arose out of and in the course of his employment. (*McQueeney* v. *Sutphen & Myer,* 167 App. Div. 528.)

HISCOCK, J. An award of compensation has been made and affirmed in this proceeding on the ground that plaintiff's husband was killed as the result of an accident arising out of and in the course of his employment by the appellant Paine Drug Company, while said employer was engaged in the hazarous business of manufacturing .

drugs and chemicals as defined in group 28 of section 2 of the Workmen's Compensation Law. The only evidence concerning the business in which the employer was engaged is found in its first notice of injury wherein, in answer to the question, "Business, goods produced, work done or kind of freight or transportation," it is written "drugs and chemical supplies," and in the proof of death furnished by the affidavit of the employer wherein it is stated that the name of the employer was the Paine Drug Company, and that the kind and character of the business conducted by it was "retail and wholesale drugs and physicians' supplies."

The evidence in relation to the general duties of the deceased was to the effect that he was employed in the capacity of "porter, elevator and handy man," and that his work "consisted of the ordinary work of a porter and elevator man; he took in our freight and packed all goods to be sent out by freight or express; drew acids; did carpenter work and various small repairs, and in fact all the various and varied work that an unusually intelligent and reliable handy man could do about a store like ours."

On this evidence and some unquestioned statements disclosing the particular work being performed when the accident occurred and upholding the finding in that respect, the commission found that said corporation was engaged in the business "of manufacturing and selling drugs and chemicals and medicines and pharmaceutical preparations at both retail and wholesale," and that while the deceased "was engaged in building a shelf near the elevator well (in the employer's place of business) and while reaching into the elevator well to obtain a board which he had placed some place on the side of the well, he lost his balance and fell down the elevator shaft * * * by reason of which he was instantly killed."

It is now urged that it did not appear, *first*, that the employer was carrying on the hazardous business indicated in group 28, or, *second*, that the deceased at the

time of his death was engaged in any work in the course of or connected with such hazardous employment even though said business was carried on by the employer.

It may be assumed that the statements made by the employer and taken into account in making the finding that it was engaged in carrying on the hazardous business in question are not conclusive. It is possible that if the commission had been compelled to base a finding solely on said statements it would not have been strictly justified in drawing the conclusion that the employer was doing anything more than conducting a store for the wholesale and retail sale of drugs and chemicals. But the statute declares that there shall be a presumption that such a claim as this comes within the provisions of the statute " in the absence of substantial evidence to the contrary." (§ 21.) Without attempting to determine just how broad an interpretation should be given to this provision in respect of all questions which might arise in the course of such a claim as this, it is clear that it should be construed as compelling the commission and ourselves to presume in this case that the business conducted by the employer was within the provisions of the statute defining hazardous employments in the absence of some substantial evidence to the contrary. We do not think that any such substantial evidence overturning this presumption was furnished by the appellants. The business described in the statements before the commission certainly approached very closely to the business of manufacturing drugs and chemicals, and if it was not the fact that such manufacturing was carried on, it would have been very simple, and we think it was necessary, to show affirmatively that the business did not include such feature. This was not done and the commission was entitled to draw the conclusion which it did.

Appellants' second proposition means that a person engaged generally in an employment which has been defined as hazardous cannot recover compensation for injuries received while performing some act not immediately

connected with what might be deemed the hazardous and characteristic feature of the business, although such act was incident to the employment and necessary in prosecuting and carrying forward the business. To illustrate, in the present case it means that no award can be made because the employee was injured while building a shelf for use in the business rather than engaged in the immediate process of manufacturing drugs and chemicals, although such shelf was entirely necessary in the prosecution of the business.

We think this is too narrow a view of the statute and would lead to limitations upon its application which were not intended or anticipated by the legislature. It is not necessary to attempt to lay down a final and universal rule on that subject. We feel perfectly secure, however, in holding that where, as in this case, an employee is injured while performing an act which is fairly incidental to the prosecution of a business and appropriate in carrying it forward and providing for its needs, he or his dependents are not to be barred from recovery because such act is not a step wholly embraced in the precise and characteristic process or operation which has been made the basis of the group in which employment is claimed.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Order affirmed.