Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MICHAEL LANIGAN, Respondent, for Compensation under the Workmen's Compensation Law, v. TOWN OF SAUGERTIES, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 28, 1917.

Workmen's Compensation Law — work incidental to claimant's employment — injury to foreman employed by town while assisting superintendent of highways in procuring men and material.

Where a foreman employed by a town engaged in the construction, repair and maintenance of highways and bridges, sustained injuries resulting in his death when an automobile in which he was riding with the town superintendent of highways collided with a fence, the act of said foreman at the time of his injury in assisting the superintendent in procuring men and material for the performance of the work was incidental to his employment as foreman, and an award for his death should be affirmed.

KELLOGG, P. J., and SEWELL, J., dissented.

APPEAL by the defendants, Town of Saugerties and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 24th day of April, 1917.

*Amos H. Stephens* [*E. Clyde Sherwood* and *William B. Davis* of counsel], for the appellants.

*Merton E. Lewis*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], and *Robert W. Bonynge*, counsel to the State Industrial Commission, for the respondents.

LYON, J.:

The State Industrial Commission has found as conclusions of fact that in September, 1916, the town of Saugerties, Ulster county, N. Y., was engaged in the construction, repair and maintenance of highways and bridges within the town; that the claimant Michael Lanigan was employed by the town as a foreman on the work; that his superior was Raymond Ten Broeck, the town superintendent of highways, who had authority to employ and discharge all employees and

to purchase the materials necessary for the work; that said superintendent and claimant usually planned the work together, and on Sundays laid out the work for the coming week; that the scarcity of labor compelled the superintendent to work short-handed; that on September twenty-fourth, being in need of laborers in order to start a stone crusher the next day for use in road building, and Sunday being a favorable day for hiring laborers, and being also in need of sluice pipe for road work, said superintendent, who on Saturday had directed claimant to report to him on Sunday, went, pursuant to appointment, in an automobile owned, operated and used by him in his employment as superintendent of highways, to meet a man for the purpose of purchasing some sluice pipe; that from there they started for the claimant's house, where they were to have supper and then go down to engage laborers, whom claimant knew, for the following day's work; that while traveling along the highway at dusk a flash of light, apparently from an approaching automobile, blinded them, and in attempting to avoid a collision their automobile was steered from its course and collided with the fence along the highway, wrecking the car, killing Ten Broeck, and severely injuring the claimant; that the claimant was paid for each day of actual work, including Sundays, and that two of the pathmasters had also worked on Sundays and had been paid therefor upon presentation of their bills. The Commission also found that the claimant was an employee of the town within the meaning of the Workmen's Compensation Law, and made the award in his favor from which this appeal has been taken. In view of the contention that the law does not apply to the claimant it has seemed best to thus fully recite the findings of the Commission which are supported by the evidence.

At the time of the accident the occupation of road building carried on by a town was a hazardous occupation. (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 2, groups 13, 43, as amd. by Laws of 1916, chap. 622.) The town represented by its superintendent of highways was an employer. (Id. § 3, subd. 3.) Claimant being engaged in a hazardous occupation was an employee. (Id. § 3, subd. 4.) Assisting in procuring men and material for the performance of the work was incidental to claimant's employment as foreman. It would

seem, therefore, that the case is at least fairly within the decision in *Matter of Larsen* v. *Paine Drug Co.* (218 N. Y. 252), in which it was said: " Where, as in this case, an employee is injured while performing an act which is fairly incidental to the prosecution of a business and appropriate in carrying it forward and providing for its needs, he or his dependents are not to be barred from recovery because such act is not a step wholly embraced in the precise and characteristic process or operation which has been made the basis of the group in which employment is claimed."

I think the award should be affirmed.

All concurred, except KELLOGG, P. J., and SEWELL, J., dissenting.

Award affirmed.