Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EDWARD CASTERLINE, Respondent, for Compensation under the Workmen's Compensation Law, against JAMES P. GILLEN, Employer, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, March 6, 1918.

**Workmen's Compensation Law — employer engaged in non-hazardous business of conducting wood and coal yard — driver of team injured while splitting wood not entitled to an award — operation of vehicles.**

Where an employer was engaged in conducting a wood and coal yard at the time when the statute did not include such a business as a hazardous employment, an employee, who drove a team in delivering coal and wood, and was injured while splitting or chopping wood, is not entitled to an award upon the ground that he or someone else may at some future time be called upon to load the wood in a wagon and deliver it.

An incident to an incident of a non-hazardous employment is too remote upon which to base an award under the Workmen's Compensation Law.
. Group 41 of section 2 of the statute contemplates the operation of vehicles as the principal business or occupation of the employer for pecuniary gain, and does not cover an injury resulting from the incidental loading of a wagon.

JOHN M. KELLOGG, P. J., dissented.

APPEAL by the defendants, James P. Gillen and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 7th day of September, 1917.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Robert W. Bonynge,* counsel to State Industrial Commission, for the respondents.

WOODWARD, J.:

The facts in this case are that the employer was engaged in conducting a wood and coal yard at Port Jervis, at a time when the statute did not include such business as a hazardous employment. The employee appears to have been a general laborer, who drove a team in delivering coal and wood whenever the occasion demanded, and who filled in his time when not thus employed in splitting or chopping wood, and doing such other work as was required around the yard, including the unloading of coal from cars. The claimant was injured while engaged in splitting or chopping wood, a chip or splinter flying and hitting him in the eye, and for this injury the State Industrial Commission has awarded him compensation. The employer and the insurance carrier appeal.

The employer's general business was not within the Workmen's Compensation Law at the time of this accident on April 19, 1916; it was not rated as a hazardous employment. (See Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 2.) It seems to have been held in some of the earlier cases that the operation of a vehicle, incident to an otherwise non-hazardous business, was within the statute, and the attempt is here made to extend the principle so as to embrace the case of an employee who is injured while splitting or chopping wood which he or some one

else may at some future time be called upon to load in a wagon and deliver to a customer. " It were infinite for the law to consider the cause of causes, and their impulsations, one of another," says Lord BACON (Bacon's Maxims, reg. 1), " therefore it contenteth itself with the immediate cause, and judgeth of acts by that, without looking to any further degree; " and it would seem that this is a proper place for the application of that principle; an incident to an incident of a non-hazardous employment is too remote for the foundation of an award under the Workmen's Compensation Law. Under the statute, as it existed at the time of this accident, an " employer " was defined as " a person * * * employing workmen in hazardous employments " (§ 3, subd. 3, as amd. by Laws of 1914, chap. 316), and an " employee" as " a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant " (§ 3, subd. 4), and clearly the employer was not conducting a statutory hazardous business, and the driving or operation of vehicles was only incidental to his business, while the employee, at the time of the accident, was not engaged in a hazardous employment, as that term was defined in the statute.

There was some effort made to make it appear that the claimant was incidentally engaged in loading the wood, as he split it, into a wagon, but the claimant himself distinctly said that he could not be doing two things at a time, and that he was engaged in splitting wood. But group 41 of section 2 does not contemplate an injury resulting from the incidental loading of a wagon under the circumstances of this case. Group 41 contemplates the operation of vehicles as the principal business or occupation of the employer for pecuniary gain.

We are clearly of the opinion that under the circumstances of this case there was no liability, and that the award may not be sustained.

The award appealed from should be reversed.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.