In the Matter of the Claim of GEORGIANA A. REDNER against H. C. FABER & SON et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — when injury to workman, caused by falling on ice or snow in the street, within the course of his employment.**

Where a workman, employed in a factory, was sent by his employers to do some work in another factory across the street, which was under the management of the same firm, while returning, after finishing the work, slipped and fell on ice or snow in the street, thereby receiving injuries from which he died, it must be held that his injury arose out of and in the course of his employment and that the award to his widow by the industrial commission was proper and should be affirmed. (*Matter of Grieb* v. *Hammerle*, 222 N. Y. 382, followed.)
*Matter of Redner* v. *Faber & Son*, 180 App. Div. 127, affirmed.

(Argued April 29, 1918; decided May 14, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 10, 1917, unanimously affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Charles B. Sullivan* for appellants. The injury was not one " arising out of " Redner's employment. It arose out of an ordinary street hazard. (*Fitzgerald* v. *Clark,* 1 B. W. C. C. 197; *A. M. Y. S.* v. *Barton,* 5 B. W. C. C. 124; *Roger* v. *P. S. Board,* 5 B. W. C. C. 547; *Simonds* v. *King,* 8 B. W. C. C. 189; *Sheldon* v. *Needham,* 7 B. W. C. C. 471; *Slade* v. *Taylor,* 8 B. W. C. C. 65; *Chapman* v. *Peam,* 16 W. C. Ins. Rep. 47; *Newman* v. *Newman,* 169 App. Div. 746; *De Voe* v. *N. Y. C. Ry. Co.,* 169 App. Div. 472; *Hopkins* v. *M. S. Co.,* 184 Mich. 87.)

*Merton E. Lewis, Attorney-General (E. C. Aiken* of counsel), for respondent. The injury by which the employee met his death was one which arose out of and in the course of his employment. It was not an ordinary street hazard to which all persons were exposed. (*Bett* v. *Hughes,* 8 B. W. C. C. 362; *Pierce* v. *P. C. & S. Co.,* 4 B. W. C. C. 242; *M' Neice* v. *S. S. Machine Co.,* 4 B. W. C. C. 351; *Dennis* v. *White & Co.,* 1917 Ann. Cas. 479; *Sheldon* v. *Needham,* 7 B. W. C. C. 471; *Slade* v. *Taylor,* 8 B. W. C. C. 865; *Kunze* v. *D. S. Tree Co.,* 158 N. W. Rep. 851.)

CUDDEBACK, J. The industrial commission has awarded Georgiana Alice Redner compensation for damages sustained by the death of her husband, Charles W. Redner. The findings of the commission, which have been unanimously affirmed at the Appellate Division, show that on January 20, 1916, the deceased, Redner,

was employed by H. ·C. Faber & Son Company, a corporation engaged in the business· of manufacturing trunks on Meadow street, in the city of Utica. On the opposite side of Meadow street, diagonally across from the Faber plant, was another trunk factory operated by A. W. Winship Company. Both corporations had the same stockholders and were under the same management.

On the day when he was injured, Redner was directed by the superintendent of the Faber Company to go from the Faber factory to the Winship factory and letter a trunk. For this purpose he crossed Meadow street, and after completing his work, and while returning, he slipped and fell on the ice or snow in the street and thereby received the injuries which resulted in his death.

It is said on the part of the appellants that Redner's injuries did not arise out of his employment, and that his accident resulted from an ordinary street risk which was common to all pedestrians in the street. I think we have decided to the contrary on the question of law involved. In *Matter of Grieb* v. *Hammerle* (222 N. Y. 382) a cigar-maker after working hours, while passing the factory in which he was employed during the day, saw a light in the factory and he went upstairs where the light was. There he found his employer tying up some boxes of cigars. Grieb was accustomed to make delivery of cigars during working hours and his employer asked him to deliver the boxes to a customer who had ordered the same. Grieb consented, received the boxes and the bill therefor. He then left the factory and on his way downstairs he fell and was killed. We held that Grieb's injuries arose out of and in the course of his employment. That case goes quite as far in establishing liability as we are· asked to go in this case.

In *Matter of Grieb* the court cited with approval the decision of the English courts in the case of *Dennis* v.

*White & Co.* (1917 App. Cas. 479). *Dennis* v. *White & Co.* was a case where the employee was injured while traveling in a public street, and in that respect more closely resembles the present case than *Matter of Grieb.* Both parties to the present appeal cite as authority for their arguments the English cases. Those cases are not in complete harmony as to the employer's liability on what are called street risks. *Dennis* v. *White & Co.* is a late case and the court said:

" If a servant in the course of his master's business has to pass along the public street, whether it be on foot or on a bicycle, or on an omnibus or car, and he sustains an accident by reason of the risk incidental to the streets, the accident arises out of as well as in the course of his employment. * * * The use of the streets by the workman merely to get to or from his work of course stands on a different footing altogether, but as soon as it is established that the work itself involves exposure to the perils of the streets the workman can recover for any injuries so occasioned."

That is a satisfactory statement of the law. In the present case the superintendent of the Faber factory directed Redner to go from his factory to the Winship factory and for this purpose he crossed Meadow street. After completing his work, and while returning across the street, he fell on the ice or snow and received his injuries. Within the principle of the cases cited, the award of compensation to his widow was proper.

The order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Order affirmed.