Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FREDERICK FREESS, Respondent, for Compensation under the Workmen's Compensation Law, v. GEORGE KLEINAU, Employer, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, December 29, 1919.

**Workmen's Compensation Law — injury to employee of retail druggist — occupation not hazardous.**

A person employed in a retail drug store who was injured while opening a window to let out fumes after compounding a harmless throat medicine for sale to the customers of the store, was not engaged in a hazardous undertaking within the letter or spirit of the Workmen's Compensation Law and is not entitled to an award.

The purpose of the Workmen's Compensation Law is the regulation of industrial occupations involving special hazards and does not reach to a mere incidental compounding of simple ingredients to meet the demands for a throat remedy at a retail drug store.

APPEAL by the defendants, George Kleinau and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 14th day of June, 1919.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The employee's first notice of claim, answering the question, "How did accident happen?" says: "While making a pharmaceutical preparation I tried to raise window to let fumes escape. My hand slipped and crashed against the pane which was cracked cutting my right index finger." This was followed by an infection, resulting, no doubt, in the injury for which compensation has been awarded.

The evidence in the case shows that the claimant was employed in a retail drug store at 941 Park avenue, New York; that he had just completed the compounding of a simple throat remedy known as glycerite of tannin, to be dispensed to the patrons of the store, and that in opening a window to let the fumes pass away the injury was done. The accident happened on January 17, 1917. The question, upon the merits, is whether this retail drug business was within the provisions of the statute; whether it was among the hazardous occupations. The claimant, who appears to have been an honest man, was induced to testify generally that the compound which he had just prepared was for sale to the customers of the store, and that other druggists might have purchased the same, but he said he knew of no other druggist doing so. Of course this testimony showed nothing more than that the compound was made for sale to the public, to the customers of the store, and it would not have been refused to a druggist who happened to come in and offered to purchase the same, but it certainly did not tend to change the character of an ordinary drug store to that of a wholesale manufacturing druggist, such as is contemplated by group 28 of section 2 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622).

Group 25 of section 2 (as amd. by Laws of 1916, chap. 622) includes "manufacture of explosives and dangerous chemicals, corrosive acids or salts, ammonia, gasoline, petroleum, petroleum products, celluloid, gas, charcoal, artificial ice, gun powder or ammunition; ice harvesting, ice storage and ice distribution," all clearly contemplating wholesale transactions, and then group 28 of section 2 (as amd. by Laws of 1916, chap. 622) follows with "manufacture of drugs and chemicals, not specified in group twenty-five, medicines, dyes, extracts,

pharmaceutical or toilet preparations, soaps, candles, perfumes, non-corrosive acids or chemical preparations, fertilizers, including garbage or sewerage disposal plants; shoe blacking or polish." The amendments made to these provisions by chapter 705 of the Laws of 1917 were passed and took effect after the accident happened, but they do not change the spirit of the act. When we contemplate these provisions, in connection with the policy of the Constitution (Art. 1, § 19) that the sums paid on account of injuries " shall be held to be a proper charge in the cost of operating the business of the employer," it must be entirely evident that this claim does not come within the letter or the spirit of the act. The purpose of the Workmen's Compensation Law is the regulation of industrial occupations involving special hazards, and does not reach to a mere incidental compounding of simple ingredients, involving no more of danger than the mixing of a salad dressing, for the purpose of meeting the demands for a throat remedy at a local retail drug store. This simple throat remedy, one of the most incidental of the matters passing in a local drug store, could not bear the expense of an accident of the character here involved. The entire sales of the remedy, in all probability, would not cover the allowance which has been made to the claimant, and the Workmen's Compensation Law is entirely perverted by the construction thus sought to be imposed upon it.

An " employee," as defined in the statute (§ 3, subd. 4, as amd. by Laws of 1916, chap. 622), " means a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer." The business of a retail druggist is not embraced in either group 25 or group 28 of section 2 (as amd. *supra*), nor is there any suggestion that the employer in the instant case was principally engaged in the carrying on of any hazardous occupation. There is nothing in the record to indicate that there was any hazard involved in the compounding of glycerite of tannin, in the small quantities required for the local trade of this particular store, for we are told that it was the custom to mix up a

quantity to be placed in a bottle and sold to meet the requirements of customers, and the award can have no substantial basis because the claimant was not an employee within the definition. He was a pharmacist; his vocation was that of compounding prescriptions and doing the work of a drug clerk; and while it is possible that the compounding of glycerite of tannin is within the definition of manufacturing, it is certainly not such a wholesale manufacturing as is contemplated by the Workmen's Compensation Law; and the discussion of the court in *Matter of Larsen* v. *Paine Drug Co.* (218 N. Y. 252, 254, 255) indicates clearly that there is a limit beyond which the courts are not willing to go in applying this statute. Not only was there no principal business of the employer in compounding this simple throat remedy for his local trade, but there is no evidence that this business was in itself in any manner dangerous. The mere fact that the claimant says that he tried to open the window to permit the fumes to pass off does not warrant the assumption that the fumes were in any degree dangerous. All there is of this case is that an ordinary drug clerk, in the pursuit of his every day avocation, went into a toilet room in the rear of the store and attempted to open a window. In doing so he received an injury, just as he might have done if he had been a drygoods clerk or a delivery boy in a grocery store. The hazard of this accident did not grow out of the occupation, except in the very remote sense that he would not have opened this particular window if he had not been employed in this particular store; and this court has recognized the application of the Baconian maxim that it were " infinite for the law to consider the cause of causes," and " contenteth itself with the immediate cause, and judgeth of acts by that, without looking to any further degree." (*Casterline* v. *Gillen*, 182 App. Div. 105, 107.)

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed.