. (No. 13543.—Judgment reversed.)

THE SINGER SEWING MACHINE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WALTER K. RUDDER, Defendant in Error.)

*Opinion filed February 15, 1921.*

WORKMEN'S COMPENSATION—*the business of setting up sewing machines is not extra-hazardous.* The business of selling sewing machines, delivering and setting them up in purchasers' places of business with the aid of ordinary tools is not extra-hazardous within the meaning of section 3 of the Compensation act.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

CHARLES C. CARNAHAN, and THOMAS H. SLUSSER, for plaintiff in error.

MORRIS KOMPEL, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The Singer Sewing Machine Company had a sales department at 1015 West Jackson boulevard, in Chicago, and Walter K. Rudder was employed by it to set up machines for purchasers. Some machines were set up singly and sometimes there were several in a row, used in the manufacture of clothing, boots, shoes or other merchandise. Rudder was sent to the Florsheim Shoe Company to set up about twenty sewing machines sold to that company. The tables of the sewing machines were supported by iron legs fastened to the bottom by screws that went in from the bottom side. He was sitting on the floor putting screws in to fasten the legs to the bottom of a sewing machine table and the screw driver slipped or the side of the screw broke and he was struck in the right eye and injured. He applied for compensation, and the defense was that the work

in which he was engaged was not extra-hazardous and the Compensation act had not been adopted by the company. An arbitrator made an award and the Industrial Commission confirmed it. On a writ of *certiorari* from the circuit court of Cook county the award was again confirmed, and this court allowed a writ of error.

The Singer Sewing Machine Company occupied a part of two floors in the building where machines were kept and sold, and Rudder was one of six men employed in the outside work of putting up machines, with ordinary, simple tools for setting them up, such as screw drivers, wrenches, and the like, which are in general use, not confined to any art or employment. No machines were manufactured at the place, but there was a shop in which repairs were made to sewing machines which got out of order. Rudder was not employed in that shop and had no connection with the repair of machines, but he had been in the shop a few times to grind bobbin-winders that belonged to a certain class of machines and sometimes required grinding. But little work of any kind was done in the repair shop and Rudder had neither duty nor employment in the repair work. Some of the sewing machines, when set up, were run by a motor, and Rudder would connect the belting on the machine or connect with a transmitter while the wires were dead. He would not test the motor or any part of the machine and there was no electric current in connection with any motors that he worked on. It was not his duty to connect any of the wires with the outside current, and while he was working the wires were dead. Whether there was any part of the work in the repair shop which was extra-hazardous or not, the business of selling sewing machines, delivering and setting them up in the purchasers' places of business as carried on, was not included in any of the classes mentioned in section 3 of the Workmen's Compensation act to which the act automatically applies. The question whether repair work was within the act is

not involved, because that was a separate and independent branch of the business, and Rudder was not employed to repair sewing machines and did not repair them. Occasions when he went into the shop and ground bobbins on the emery wheel were merely incidental and casual and not a part of his general employment. (*McLaughlin* v. *Industrial Board,* 281 Ill. 100.) His employment did not come within the Workmen's Compensation act, and the circuit court erred in confirming the award. *Uphoff* v. *Industrial Board,* 271 Ill. 312; *Vaughan's Seed Store* v. *Simonini,* 275 id. 477; *Fruit* v. *Industrial Board,* 284 id. 154; *Brennan* v. *Industrial Com.* 289 id. 49; *Bowman Dairy Co.* v. *Industrial Com.* 292 id. 284.

The judgment of the circuit court is reversed.

*Judgment reversed.*