In the Matter of the Claim of CHARLES J. WICKHAM, Respondent, *v.* GLENSIDE WOOLEN MILLS et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued October 2, 1929; decided October 15, 1929.)

*Raymond F. Nichols* for appellants. The injuries sustained did not arise " out of and in the course of the employment." (*Matter of DiSalvio* v. *Menihan Co.,* 225 N. Y. 123; *Yodakis* v. *Smith & Sons Carpet Co.,* 193 App. Div. 150; *Strand* v. *Harris Structural Steel Co.,* 209 App. Div. 310; *Lauterbach* v. *Jarett,* 189 App. Div. 303; *Matter of Saenger* v. *Locke,* 220 N. Y. 556; *Culhane* v. *Economical Garage Co.,* 188 App. Div. 1; *McCarter* v. *LaRock,* 240 N. Y. 288; *Kowalek* v. *N. Y. Cons. R. R. Co.,* 229 N. Y. 489; *Kane* v. *Barbe,* 210 App. Div. 558.)

*Hamilton Ward, Attorney-General* (*E. C. Aiken* of counsel), for respondent.

*Per Curiam.* The facts in the case are as follows: The employer manufactured broadcloth and shirtings. The claimant was a boy employed as helper in the spinning department. Among other duties, he carried spools from the spinning room to the card room. On the day of the accident he had carried spools and left them in their proper place. On the way back to his starting point, he stopped to ask a fellow-employee for a chew of tobacco. This errand took him a few feet out of his direct course. After he had spoken to the man, he started to go on and slipped on a greasy floor. As a result of the fall his right hand was caught in a machine. The hand was amputated. He received an award for the loss of a hand. The appellants contend that the injury did not arise out of and during the course of his employment.

" An accident befalls a man ' in the course of ' his employment if it occurs while he is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time to do that thing." (*Moore* v. *Manchester Liners, Ltd.,* [1910] A. C. 498, 500.)

The incidental actions of a workman in getting a drink of water or going to the washroom during the

hours of his employment do not ordinarily remove him from the scope of his employment and from the protection of the Workmen's Compensation Law (Cons. Laws, ch. 67). Workmen situated as claimant was may reasonably be expected to chew tobacco and to ask their fellow-workmen for tobacco for that purpose. The practice is nothing to which the employer would ordinarily object. In *M'Lauchlan* v. *Anderson* (4 Butterworth's W. C. C. 376; 48 Sc. L. R. 349) a teamster dropped his pipe and was injured while getting down from his wagon to pick it up. In *Springer* v. *North* (205 App. Div. 754) a driver stopped at a store to purchase tobacco for himself. When he was reaching for the tobacco as it was being handed to him, the horses started, throwing him to the ground. In both cases it was held that the accident arose out of the employment. Claimant's employment did not cease when he went out of his way a few feet to ask for a chew. In a sense, the act was done for " his own purpose " but it was none the less something which he was free to do in the course of his employment, at least in a shop where, as in this case, no objection was made to the practice.

The decision in *Matter of DiSalvio* v. *Menihan Co.* (225 N. Y. 123) went upon the ground that the personal errand which took the claimant from a place of safety to one of danger was not a natural or reasonable incident to the work. Whether the principle invoked in that case was properly applied, we do not need to consider. Enough for present purposes that the claimant now before us did nothing that might not reasonably be expected of one in his position. The ruling in the *DiSalvio* case will not be extended to the situation here disclosed.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.