Young *v.* Goldsmit-Black, Inc., Appellant.

Argued April 29, 1931.

Before
TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNING-
HAM, BALDRIGE and DREW, JJ.

*Harold E. McCamey* of *Dickie, Robinson & Mc-Camey,* for appellant, cited: Campagna v. Ziskind, 278 Pa. 403; Swartz v. Hanover Borough, 278 Pa. 134.

*Ellsworth C. Trott,* and with him *Harry J. Nesbit,* for appellee, cited: Smithton v. Morton, 275 Pa. 562; Lenhart v. Emmons & Co., 99 Pa. Superior Ct. 180.

OPINION BY TREXLER, P. J., July 8, 1931:

The decedent was employed by the defendant company as a truck driver at the wage of 30 to 37 dollars per week. His duty was to haul freight to and from the station and to make deliveries. He was the owner of a garage and was paid $100 per month for the use of it and in addition, he was to look after the trucks of the defendant which were stored in the garage, to put oil and gas in them, and to make minor repairs. When major repairs were necessary, he, after the consent of the employer was obtained, could call in assistance for which the company paid.

The appellant contends that the decedent was an independent contractor. In order to do this, it must show that the company exercised no control over the work done, but was only interested in the result. The employer in this instance had the entire use of the garage. It was understood "that it was practically our garage," the defendant's officer testified. The oil and gas put in the trucks were furnished by the company. At the time of the accident which resulted in the death of plaintiff's husband, he was working on defendant's truck.

We do not think that the performance of additional work in connection with the use of the garage changed the relations between the parties. The services performed by the decedent were under the immediate control of the master although that control was slightly exercised by reason of the confidence placed in the workman, he being faithful and efficient. The fact that

the use of the garage was contracted for by the parties should not complicate matters. There is no difficulty in determining that the decedent when he was killed was performing the services as a servant, in the regular course of his employment and in and about premises of which the master had the exclusive use. That the services in the care of the machines were included in the sum which covered the use of the garage does not affect the right to compensation: Gailey v. S. Workmen's Ins. Fund, 286 Pa. 311. There is nothing to justify the conclusion that Young was a garage keeper or an independent contractor and we agree with the lower court that there was ample testimony to support the finding and that the award must be sustained.

The order of the lower court is affirmed.