## ANNA M. MILLER *v.* UNITED RAILWAYS & ELECTRIC COMPANY.

[No. 36, October Term, 1931.]

*Decided December 4th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Louis S. Ashman,* with whom were *George O. Blome, Martin W. Seabolt,* and *Henry M. Millhouser,* on the brief, for the appellant.

*Charles A. Trageser* and *Robert France,* with whom were *Harrison & France* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

In a case under the Workmen's Compensation Act, Code, art. 101, the claimant appeals from an affirmance, by the Baltimore City Court, of the decision of the State Industrial Accident Commission that she was not entitled to compensation under the act for the death of her husband. The hearing in the trial court was upon a stipulation of facts, and the resulting question of applicability of the statute to the case stated was submitted to the court without a jury.

It appears from the statement that the claimant's husband, Frank X. Miller, had been employed by the United Railways during seven years, on the work of cleaning cars. at the West Baltimore Street car barn, in Baltimore City, between the hours of seven in the evening and six in the morning. He lived in the northeast section of Baltimore, and regularly rode on cars of the company between his place of work and his home. All employees of the company had passes for riding on the cars. Miller's salary was paid weekly, and was due on Fridays. Payments of salaries of the employees were made from pay cars which ran to each of the several car barns in the city. The West Baltimore Street barn was the ordinary place of payment for men working there, but posted signs and verbal notices extended to them the privilege of receiving their pay at any one of four barns in the city. Until the last two years of his employment, Miller regularly got his pay, on Friday mornings, after his hours of work, at the West Baltimore Street barn. It was sometimes necessary for him to wait late in the morning for the car, and when, in the last two years, the regular

time for arrival of the car at that barn each week was fixed for Friday afternoon, Miller, rather than wait during his hours of rest on that day, or until the next day, made a practice of riding to what is known as the Park Terminal barn, where he could get his pay as early as 7 o'clock on Friday mornings.

On Friday, December 20th, 1929, following his then usual practice, he proceeded toward the Park Terminal barn immediately after his work at the West Baltimore Street barn had been finished, and, as he was crossing the street, at Fayette and Gilmor streets, to transfer to a car which ran to the Park Terminal barn, a passing automobile struck him, and caused injuries of which he died shortly after. And the question is whether the accidental personal injury so met with arose out of and in the course of his employment with the railways company, under a proper construction of the Workmen's Compensation Act, Code, art. 101, sec. 14. The State Industrial Accident Commission decided that it did not. On appeal the question was submitted to the trial court in the form of an issue, and prayers for rulings of law, and on these the court too answered that the injury did not arise out of and in the course of the employment, and affirmed the ruling of the commission. This court is of opinion that the rulings were correct.

For precedents, in support of the claim, we have been referred to several cases in which employees injured outside of their regular places of work have been held entitled to compensation, two of them cases decided in this court. *Central Construction Co. v. Harrison,* 137 Md. 256, 112 A. 627; *Weston-Dodson Co. v. Carl,* 156 Md. 535, 114 A. 708; *Stockley v. School District,* 231 Mich. 523, 204 N. W. 715; *Flanagan v. Webster,* 107 Conn. 502, 142 A. 201; *Globe Indemnity Co. v. Industrial Accident Commission,* 36 Cal. App. 280, 171 P. 1088; *Redner v. H. C. Faber & Son,* 223 N. Y. 379, 119 N. E. 842; *Taylor v. Hogan Milling Co.,* 129 Kan. 370, 282 P. 729. In *Weston-Dodson Co. v. Carl,* the court considered that there was evidence from which it might have been found by a jury that Carl was injured while

planning his work in discussion with a superior, and in *Central Construction Co. v. Harrison,* it might have been found that the employee was being taken charge of by the employer while he was attempting to board a train provided by the employer to bring men to the work. In both cases the employees had been injured in public places at a remove from any working place, and in this respect both have points of resemblance with the present case. But on the essential points we find the cases dissimilar. Closer resemblances are to be found in cases from other jurisdictions. Indeed, as' has been remarked by some other courts, in almost any application now of this statutory provision, that only injuries which have arisen out of and in the course of the employment are compensable, examination of reported decisions brings forward a multitude of similar cases which might be cited as precedents on one side and another, and not only is dependence upon precedents for a guide made difficult, but evidently it is attended with some danger of losing touch with the statute. It is only the simple direction of the statute that is being applied to each set of facts, and there is danger that in following the lead of resemblances in the facts of decided cases we may use them as stepping stones to foreign ground. *Weston-Dodson Co. v. Carl, supra; Owners' Realty Co. v. Bailey,* 153 Md. 274, 284, 138 A. 235. "When a previous case has not laid down any new principle, but has merely decided that a particular set of facts illustrates an existing rule, there are few more fertile sources of fallacy than to search in it for what is simply resemblance in circumstances, and to erect a previous decision into a governing precedent merely on this account." Lord Haldane, in *Kreglinger v. New Patagonia Co.,* (1914) A. C. 25, 40.

It is to be borne in mind that the ultimate purpose of the Workmen's Compensation Act in this state is, as has been stated in *Owners' Realty Co. v. Bailey,* 153 Md. 274, 281, 138 A. 235, to include in the cost of specified enterprises, which involve extra hazards to workmen, the losses from the injuries brought upon the workmen. And it is in pursuit of this end, to relieve the workmen, to a large extent at least, of

the burden of the extra hazards of their employment, that it is provided that compensation shall be secured for injuries arising out of and in the course of the work. Miller, in the present case, was not placed in the position of danger by the performance of the duties of his employment with the railways company. He had finished his work. So far as his employment was concerned, he was left free to go as he might see fit. To get his pay he could go to any one of four places about the city, at any time of the day that might suit him best. Or he could have selected another day, Saturday, if he had found that desirable. And he had a choice of any means of reaching the place of payment he might select. He used the street cars, but he was at liberty to use any other conveyance, if any was available, or he could have walked. And it seems to us that the commission and the court could find no more justification for holding that his injury arose out of his employment while he was crossing the street to change from one street car to another, than they could have found had Miller been struck anywhere in the course of a walk over the two or three miles of streets to the Park Terminal barn. The hazards of the streets were not hazards into which his employment with the railways company had sent him; they seem to have been, rather, hazards voluntarily met by Miller in common with all other citizens on the streets that day.

*Judgment affirmed, with costs to the appellee.*