AGNES V. BOTELER *v.* GARDINER-BUICK
COMPANY ET AL.

[No. 5, January Term, 1933.]

*Decided April 5th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, and PARKE, JJ.

*James K. Cullen,* with whom was *John I. Rowe* on the brief, for the appellant.

*Robert D. Bartlett,* with whom were *Bartlett, Poe & Claggett* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

G. Alan Boteler was employed by the Gardiner-Buick Company as a salesman of automobiles. His duties were those incident to that position, and embraced visiting and receiving and serving prospective buyers, exhibiting the types of automobiles, and showing and demonstrating their parts, quality, and operative efficiency. In the performance of these duties, his working hours were divided between the time spent away from his employer's place of business and within its salesrooms in the proportion of seventy per centum to thirty per centum of his time. The employer had set apart a room on a floor for the display of new automobiles, and a room on the same floor for the exhibition of used automobiles. The

rooms were separated by a partition which had a doorway that gave entrance to either room. The salesmen, while engaged in their daily inside duties, worked alternatively the allotted part of one day in one of these showrooms and the next day in the other; and every salesman was obliged to observe and enforce the rule that, during the period of his indoor service, he must remain within the room where he was then assigned.

At the time of the accident, Boteler was on duty as a salesman in the showroom of new automobiles, and another salesman from the other department entered the room, and a salesman, who was working with Boteler, called his attention to this infraction of the rules of the employer, and Boteler, in an effort to enforce the regulation, approached the intruder, who was about fifteen or twenty feet away, with the purpose of reminding him of the rule, and of telling him to go back to his place of duty. Without speaking, Boteler put out his hand and touched the shoulder of the offender, who, being surprised, turned quickly and, in turning, struck Boteler's shoulder, threw him off his balance and caused him, in falling, to grab the intruder and they both fell together to the floor. Boteler sustained injuries and later died. The State Industrial Accident Commission allowed compensation, but, under the instruction of the court, this determination was reversed on appeal to the Superior Court of Baltimore City.

There is no question of the dead employee having received any compensation or damages under the laws of any other state, so the immediate problem is whether or not the injured employee was, at the time of the happening of the accident described, within these terms of paragraph 43 of section 32 of article 101 of the Code, title "Workmen's Compensation" (as amended by Laws 1929, ch. 331), which provide compensation for: "All salesmen including sales managers employed to solicit orders from customers outside of the establishment for which they are employed, who are citizens or residents of this State, employed by a person, firm or corporation having a place of business within this State, whether

the injury for which compensation is asked was sustained within this State or elsewhere."

The employee Boteler's injury arose out of his employment, and was sustained in its course. He was a resident of Maryland, and a salesman whose employer's place of business was within the state; and he was employed to solicit orders from customers outside of the establishment for which he was employed. So Boteler was within the terms of the statute, unless they be construed not to apply because the statute only contemplates those salesmen who are employed to solicit orders outside of the employer's establishment and are so engaged at the time of the happening of their injury. To give this meaning to the language of the paragraph under consideration a strict construction must be adopted, which would be a contravention of the mandate of the law to the effect that it should be interpreted and construed to effectuate its general purpose. Code, art. 101, sec. 63.

If injury result from the nature, conditions, obligations, or incidents of an employment designated as hazardous by law, the employee thus sustaining the injury is within its scope. So, should the requisite facts exist to establish a causal connection between the employment and the circumstances of the injury, the injury may be compensable although the employee may not, at the time of the accident, be actually engaged in the performance of the service whose nature, process, or discharge is the basis of its inclusion in the category of a hazardous occupation, but be exposed to the other risks that are necessarily incidental to the doing of the employer's work. Illustrations of this statement are found in those cases where, by reason of definitive circumstances, compensation has been awarded when the accident occurred while the servant, in going to or returning from work, was making use of transportation furnished by the master (a) ; or during a temporary break in the continuity of the hours of daily labor (b) ; or in going back to the premises after cessation of work (c); or by becoming the subject of the tortious act of a third party (d). *Schneider's Workmen's*

482

*Compensation Law* (2nd Ed.), sec. 49.    (a) *Balto. Car Foundry Co. v. Ruzicka*, 132 Md. 491, 496, 104 A. 167; *Beasman & Co. v. Butler*, 133 Md. 382, 386, 105 A. 409; *Harrison v. Central Constr. Co.*, 135 Md. 170, 176-180, 108 A. 874; *Central Constr. Co. v. Harrison*, 137 Md. 256, 262, 112 A. 627.    (b) *Southern Can Co. v. Sachs*, 149 Md. 562, 131 A. 760.    (c) *Owners' Realty Co. v. Bailey*, 153 Md. 274, 284-287, 138 A. 235.  See *Miller v. United Rwys. Co.*, 161 Md. 404, 157 A. 292.    (d) *Todd v. Eastern Furniture Mfg. Co.*, 147 Md. 352, 354-358, 128 A. 42.

In other words, it is not necessary that there should exist a direct, active, or physical connection between the act causing the accident and the employment, but it is sufficient if the accident, without having for its cause the serious and willful misconduct of the servant, arises directly out of circumstances which the servant had to encounter because of his special exposure to risks that, although external, were incidental to his employment.  *Upton v. Great Central Railway* (1924), A. C. 302, 306, 308; *In re Larsen v. Paine Drug Co.*, 218 N. Y. 252, 112 N. E. 725; Code, art. 101, sec. 32.

These general principles found particular application in the case of the *Weston-Dodson Company, Inc., v. Carl*, 156 Md. 535, 144 A. 708, which involved the consideration of paragraph 43 of section 32 of the Workmen's Compensation Act.  In that appeal the employer was a foreign corporation which was engaged in the mining and shipment of coal, and the employee was its salesman throughout Maryland, Virginia, and the District of Columbia.  The salesman had an office which he had opened in his home in the name of his employer, with his daughter as the secretary in charge.  The salesman and daughter were paid their salaries by the employer, and the salesman traveled throughout the mentioned territory to solicit business.  The credit manager of the employer came once a month; and, on these occasions, accompanied the salesman on his next business trip in his territory.  The accident and injury occurred one night when the manager had come to Baltimore to accompany the salesman in his canvass, and had gone to the latter's office to arrange the

details.  During the evening the two discussed business matters and, at a late hour, the credit manager left to return to his hotel in the city.  The salesman accompanied him to an electric car line about three-quarters of a block away, and they continued to discuss their business plans for the next day until the arrival of a street car, when the pair bade each other good night, and the manager stepped on the street car and the salesman turned away and made a step to return to his house, when he was struck and injured by an automobile being backed against him by a stranger.  This court held that it was a question for the jury to find whether or not the salesman was engaged in his employer's unfinished business while walking to the place where the manager could take the street car, and was struck before the salesman had time to leave the spot where his duty took him; and that, if the jury's answer was in the affirmative. the injury was compensable under the act.  The reason is that the salesman was upon the street and at the place of the accident on his master's business, and, whether it be occasionally or habitually, his employment necessarily involves exposure to the risks of the street to one in his situation, and injury from such a cause is compensable.

The salesman in the instant case was at the place of the accident on his master's business, and was there injured while engaged in doing a service which was for his master's benefit, and which was reasonably required of him in the performance of the duties of his employment in the special circumstances; and *Weston-Dodson Company, Inc., v. Carl, supra,* is therefore decisive of the appeal at bar, unless the employment of the salesman is separable into a hazardous and a non-hazardous employment, according as his services are performed without or within the establishment of the master. No solution of the problem is completely satisfactory, but the more defensible determination is that this construction must be rejected.

Apart from the special contract, the normal work of a salesman engaged in soliciting orders of customers outside of the establishment of the master excludes the view of work to

do within the establishment, except in so far as incidental to the work to be done outside. The contract, its performance, and the compensation are not divisible, but entire. The work to be done within and without the establishment by the salesman was not distinct, but related; and had the single object of effecting a sale. The labor of the salesman within the establishment was required as a training in the art of salesmanship to be practiced in his services outside. The whole working day of the salesman was in the continuous service and control of the master. The salesman might begin the treaty for a sale of an automobile without the establishment and close the transaction within the showroom; or the course of the negotiations might be reversed. Again, the salesman might start and end a sale either wholly without or wholly within the master's place of business. These considerations indicate the impracticability of adopting the theory of a dual employment, especially as the service in which the servant may be engaged at the time of the accident is within the contemplation of the statute, if incidental to the master's employment. *Supra.*

The test, therefore, is whether the contract of service regarded as a whole was a contract substantially to act as a salesman without the establishment, or a contract substantially to act as salesman within the establishment. Notwithstanding that at times, and that for a while daily, no outside solicitation of orders was involved, the service of the salesman was substantially that of a salesman to solicit orders from prospective customers outside of the establishment, because of two decisive factors of the problem. The first is that the salesman's time in the service of his master was preponderantly used outside of the establishment in the ratio of seven hours to three; and the second is that the statute prescribes that a salesman of the type here presented is entitled to compensation independently of the place where the accident inflicting the injury happened, since the words of the statute provide compensation for the outside salesman "whether the injury for which compensation is asked was sustained within this State or elsewhere."

So, considering the contract as a whole and looking to the main duty of the workman and the general nature of his employment, the sounder and better view of the undisputed facts of this record is that the solicitation of sales outside of the master's establishment was the predominant, primary, and substantial service of the salesman rendered within the category of enumerated statutory hazardous employments; and that his injury is compensable because it was the result of an accident to which the salesman was exposed on the inside of the establishment while he was engaged in the performance for the benefit of the master of that which was, although agreed, incidental and accessory to what was basic in his contract of employment. *Supra.* See *Jacques v. The Alexandria* [1921], 2 App. Cas. 339; *Reid v. British & Irish Steam Packet Co.* [1921], 2 K. B. 319; *Bagnall v. Levinstein, Ltd.* [1907], 1 K. B. 531; *Leech v. Gartside & Co.* [1885] 1 Times L. R. 391; *Cameron v. Pillsbury* [1916], 173 Cal. 83, 159 P. 149; *Crockett v. Industrial Accident Commission,* 190 Cal. 583, 213 P. 969; *South. Pac. Co. v. Pillsbury,* 170 Cal. 782, 151 P. 277, 281; *Schneider's Workmen's Compensation Law* (2nd Ed.), sec. 50; *Chase v. Emery Mfg. Co.,* 271 Pa. 265, 113 A. 840; *Young v. Goldsmit-Black, Inc.,* 102 Pa. Super. Ct. 291, 156 A. 571; *Beaver v. George W. Boyd Co.,* 106 Pa. Super. Ct. 24, 161 A. 900, 901; *Clark v. Lord Advocate* [1922], 15 B. W. C. C. 320; *McIntyre v. Rodger & Co.* [1904], 6 F. (Scot.) 176; *Pelletier's Case,* 269 Mass. 490, 169 N. E. 434; *Mannix's Case,* 264 Mass. 584, 163 N. E. 171; *Wickham v. Glenside Woolen Mills,* 252 N. Y. 11, 168 N. E. 446; *Krinsky v. Ward & Gow,* 193 App. Div. 557, 184 N. Y. S. 443, affirmed 231 N. Y. 525, 132 N. E. 873; *Ward & Gow v. Krinsky,* 259 U. S. 503, 42 S. Ct. 529, 66 L. Ed. 1033.

It follows that there was reversible error in the action of the lower court in granting the employer's prayer, instructing the jury to bring in a directed verdict that there was no legally sufficient evidence that the servant was engaged in a hazardous occupation at the time of the accident.

The claimant's first prayer did not submit the necessary facts for the jury to find before the claimant would be entitled to compensation, and was properly rejected. The second prayer of the claimant was open to the criticism that it omitted to submit to the jury to find the citizenship or residence of the servant in the state, and the location of a place of business of the master within the state. *Liggett & Meyers Tobacco Co. v. Goslin,* 163 Md. 74, 160 A. 804. This defect was not material, however, as the record shows there is no question that these facts were not controverted. For error in granting the master's first prayer, the judgment of the Superior Court of Baltimore City must be reversed, and the decision of the commission affirmed.

*Judgment of the Superior Court of Baltimore City reversed, with costs to the appellant, and the award of the State Industrial Accident Commission made on March 29, 1932, allowing the claim of G. Alan Boteler, claimant, affirmed and entered to the use of Agnes V. Boteler, his administratrix; the said claimant having died intestate since the award by said commission and the appeal of the master therefrom.*