## JOSEPH J. MATTES, Claimant, *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 23, April Term, 1942.]

*Decided May 26, 1942.*

580

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Albert A. Levin,* with whom was *Joseph Rosenthal* on the brief, for the appellant.

*Hector J. Ciotti, Assistant City Solicitor of Baltimore,* with whom was *F. Murray Benson, City Solicitor,* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

Mattes, injured while working for the city at the Logan Field airport, has been denied compensation under the Workmen's Compensation Act, Code, 1939, Art. 101, on the ground that his work was not of the extra-hazardous nature for which compensation is provided. On that ground the State Industrial Accident Commission disallowed his claim, and on the appeal below the court, after hearing the evidence, directed a verdict for the city and affirmed the disallowance. The appeal has followed.

This workman was employed, according to the evidence, to do janitor's work, which included helping with the plumbing at times, washing windows, sweeping floors, cutting grass, loading trucks, cleaning offices and emptying waste baskets, sometimes helping to get passengers to automobiles when the ground was wet, and anything else he was told to do by the general foreman. When the Highways Department was working at the new airport he filled tanks. And at times he helped a fellow laborer push planes into the hangar. He was classed by the City Service Commission as a laborer, and was so listed at the Central Pay Roll Bureau of the city. In the first report of injury and the claim for compensation he was described as a laborer. There was no classification of janitor at the airport for any employees, but the officials considered that Mattes was a laborer doing janitor's work.

His testimony was that while at work emptying large waste containers into smaller baskets, to be carried in a wheelbarrow to the back of the hangar to be burned, it became necessary for him to give an unusual pull to get a wire basket out, and in doing it he strained and injured his back.

The description commonly given the man's position is not decisive, for names may be used loosely. "The actuality, rather than the appellation, is the sound basis for the commission's action in determining whether an employee met with mishap in the course of an enumerated employment." *Gleisner v. Gross & Herbener,* 170 App. Div. 37, 155 N. Y. S. 946, 948. But the work in this instance appears to have been similar to that of an ordinary janitor in an office building, except possibly, when he was called upon casually to fill tanks for highway department trucks, and, possibly, when he helped another workman to push planes into the hangar. Predominantly he was a janitor, and he was working as a janitor when he was hurt. *Boteler v. Gardiner-Buick Co.,* 164 Md. 478, 479, 165 A. 611. And there is nothing in the evidence to overcome the presumption of correctness in the commission's finding that this was nonhazardous work. Code, 1939, Art. 101, Sec. 70. The enumeration of employments to be classed as extrahazardous, in Section 33 of the Act, does not include the employment of a janitor as one of them, and if an injury to a man so employed should be treated as compensable it must be by reason of connection with other work that is included.

There is no section specifically applying the Act to the conduct of an airport, but we may assume for the purposes of the case that the work done there, because of its similarity to the employment enumerated in Paragraph 41: "The operation of * * * vehicles propelled by gasoline," is within the comprehensive clause, Section 33, Paragraph 46, including "all extra-hazardous employments not specifically enumerated." *Beasman & Co. v. Butler,* 133 Md. 382, 386, 105 A. 409; *Wheeler v.*

*Rhoten,* 144 Md. 10, 123 A. 572. The whole of Article 101 is applicable to extra-hazardous work in which the city engages. Code, 1939, Art. 101, Sec. 46; Acts of 1941, Ch. 433. But the fact that the municipality engages in some work that is extra-hazardous, along with work that is not so, is not sufficient to bring all employees in either work within the benefits of the Act. *Harris v. Baltimore,* 151 Md. 11, 133 A. 888.

Whether all workmen of a harzardous business, even those employed in non-hazardous work, are within a Workmen's Compensation Act is a question on which courts of other States have differed. See note, 83 *A. L. R.* 1018. But there are differences in the statutes applied. In some States the Acts contain specific clauses to include all workmen employed in a hazardous business. *Matter of Europe v. Addison Amusements,* 231 N. Y. 105, 131 N. E. 750; *Byas v. Hotel Bentley,* 157 La. 1030, 103 So. 303; *Illinois Publishing Co. v. Industrial Commission,* 299 Ill. 189, 132 N. E. 511. And there is no such provision in the Maryland law. To be included, it seems, the workman injured must have been employed incidentally to the promotion or prosecution of the hazardous work. This was the meaning of expressions in earlier decisions of this court. "If injury result from the nature, conditions, obligations or incidents of an employment designated as hazardous by law, the employee thus sustaining the injury is within its scope. * * * It is sufficient if the accident, without having for its cause the serious and willful misconduct of the servant, arises directly out of circumstances which the servant had to encounter because of his special exposure to risks that, although external, were incidental to his employment." *Boteler v. Gardiner-Buick Co.,* 164 Md. 478, 481, 482, 165 A. 611, 612. "* * * The propriety of the court's action in granting the defendant's first prayer withdrawing the case from the jury, necessarily depends upon * * * whether the occupation in which the decedent was engaged when he was injured was extra-hazardous, * * * the real question involved, * * * which was not whether the entire busi-

ness of maintaining that park was extra-hazardous, but whether the particular work which the decedent was called upon to perform was extra-hazardous * * *." *Harris v. Baltimore,* 151 Md. 11, 14, 15, 133 A. 888, 889. "**The nature of the employment must be determined by the nature of the work or occupation, and where the work or occupation of the employee may be partly hazardous and partly non-hazardous, an injured employee would be regarded as being engaged in an extra-hazardous employment if the injury he received were suffered in connection with the extra-hazardous employment of the employee. * * * Since the work of an orderly in a hospital is neither expressly named as an extra-hazardous work, nor included by fair implication in any of the categories of affected employments, the court may not supply the omitted class by an arbitrary construction, but must enforce the statute according to its terms." *Baltimore v. Trunk,* 172 Md. 35, 190 A. 756, 758. "The school was an educational institution, and the work of a janitress there employed is not brought by legislative mandate within the purview of the law or found by reasonable inference to be within any of the employments specified by the Act." *Baltimore v. Schwind,* 175 Md. 60, 67, 199 A. 853, 857. "Another problem presents itself," says 2 *Schneider, Workmen's Compensation Act.,* Perm. Ed., Sec. 396, "when the employer carries on a hazardous employment but has employees engaged in non-hazardous work. These employees are covered by the Act if the non-hazardous work they were performing when injured was incidental to the operation of the hazardous employment." And see *Larsen v. Paine Drug Co.,* 218 N. Y. 252, 256, 112 N. E. 725.

The work which Mattes was employed to do was not connected with the promotion of the hazardous work of the airport. His work came after and behind it. He cleaned up the premises, and carried off waste. Under a similar statute a watchman whose duties were merely to clean the office and keep other employees out of a tool house was held not compensable, although the business

was classed as hazardous. *Kehoe v. Consol. Telegraph & Elec. Subway Co.*, 176 App. Div. 84, 162 N. Y. S. 481. A salesman of dresses for a manufacturing establishment classed as hazardous was not compensable. *Lyon v. Windsor*, 173 App. Div. 377, 159 N. Y. S. 162. And the work of a deliveryman on foot was held not incidental to a hazardous business of preparation of meats. *Newman v. Newman*, 218 N. Y. 325, 113 N. E. 332. And see *Singer Sewing Machine Co. v. Industrial Commission*, 296 Ill. 511, 129 N. E. 771; *Beatrice Creamery Co. v. State Industrial Accident Commission*, 174 Okla. 101, 49 P. 2d 1094.

Mattes' employment, therefore, seems not to have been the hazardous one with which the statute deals, and these considerations lead to an affirmance of the judgment below.

*Judgment affirmed, with costs.*

MARBURY, J., dissenting.