WILLIAM L. WHEELER, Employer,

*vs.*

LESTER L. RHOTEN, Employee.

*Workmen's Compensation—Extra Hazardous Employment—*
*Number of Employees.*

A general service garage, where automobiles are repaired, is a "machine shop" within the meaning of Code, art. 101, sec. 32, sub-sec. 4, declaring employees of such shops to be engaged in extra hazardous employment for the purpose of the workmen's compensation act. pp. 11, 12

In view of Code, art. 1, sec. 7, declaring that the singular always includes the plural, except where such construction would be unreasonable, the mere fact that Code, art. 101, sec. 63, defines an employer, for the purpose of the workmen's compensation act, as a person employing "workmen" in extra hazardous employment, does not exclude from the operation of the act one who employs but a single workman. p. 12

*Decided June 27th, 1923.*

Appeal from the Circuit Court for Carroll County (Moss, J.).

Claim by Lester L. Rhoten, employee, against William L. Wheeler, employer, under the workmen's compensation act. From a judgment confirming the award by the industrial accident commission in favor of the claimant, said employer appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*Francis Neal Parke,* with whom was *Jas. A. C. Bond* on the brief, for the appellant.

*Guy W. Steele,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

In this case, the appellee, Lester L. Rhoten, was employed by the appellant, W. L. Wheeler, as a mechanic in the latter's garage in Hampstead, Maryland.

On the 26th of January, 1922, while the appellee was engaged in repairing the brakes of an automobile brought into the garage for repair, a piece of steel or iron entered his left eye, causing an injury from which it became necessary to remove the eye.

On March 15th, 1922, he filed his claim with the State Industrial Accident Commission for the loss of his eye. The commission heard evidence offered by the appellant, as well as the appellee, relative to the claim of the appellee, and it awarded to him $13.33 a week for the period of one hundred weeks, to be paid to him by the appellant on the order of the commission.

From this award an appeal was taken to the Circuit Court for Carroll County and the award of the commission was sustained or confirmed by it upon the record from the commission with other evidence heard by the court in addition thereto.

The question presented by the action of the court, in its rulings upon the prayers, is whether the claimant or appellee, at the time of the injury sustained by him, was engaged in an extra hazardous employment within the meaning of the statute, section 32, article 101, volume 3 of the Code.

The contention of the appellant is that one employed as a mechanic or machinist, in a general service garage where automobiles are repaired, is not engaged in an extra hazardous employment, as it is not included in the different employments mentioned and defined as extra hazardous in subsections 1 to 42, both inclusive, of section 32 of said article.

In this contention we cannot agree with the appellant, for in our opinion it falls within the provisions of sub-section 4 of section 32, in which it is provided that employees engaged "in the operation, including construction and repair, of car shops, *machine shops,* steam and power plants, not in-

cluded in paragraph (or sub-section) 3, are engaged in extra hazardous employment within the meaning of the act."

Every garage, of course, is not a machine shop, for some may be used only in storing or sheltering automobiles, but those garages in which automobiles, as said by the learned judge below, are overhauled, assembled or repaired, come, we think, within the meaning of the term "machine shops" as used in the statute.

The work of the mechanic or machinist, employed therein, is of a character similar to that done in machine shops within the generally accepted meaning of that term, and when we consider the purpose and object of the statute, and the vast and growing importance of the industry, it is still more apparent to us that garages, in which such work is done, should be and are included in the term "machine shops" as used in the statute.

The learned counsel below made a further contention: "That an employer is not within the act unless he employs two or more in his occupation."

He bases this contention, it seems, upon section 63 of said article, which defines an employer as "a person * * * employing *workmen* in extra hazardous employment."

The expression, as used, was never, we think, intended to have the meaning that only those persons who employed more than one workman were to be subject to the act as employers, when another, who employed but one person, was not an employer under the act.

This question, however, is, we think, fully answered by section 7 of article 1 of the Code, where it is said, "the singular always includes the plural, and *vice versa,* except where such construction would be unreasonable," and it would be unreasonable should we otherwise construe "the plural" in this case.

As we discover no errors committed by the court below, the judgment will be affirmed.

*Judgment affirmed, with costs.*