## THOMAS RUSSELL JACKSON *v.* MARSHALL FER-REE ET AL.

[No· 77, October Term, 1937.]

*Decided January 12th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Taylor Morrison,* with whom was *Edward J. Ryan* on the brief, for the appellant.

*George Henderson,* with whom was *J. Marshall Neel* on the brief, for the appellees.

JOHNSON, J., delivered the opinion of the Court.

Thomas R. Jackson, thirty-three years of age, had been employed as a mechanic with the Frostburg Auto Company for approximately ten years prior to October 9th, 1936, on which date, about 2:30 o'clock in the afternoon, he was stricken with hernia, to secure compensation for which he filed a claim with the State Industrial Accident Commission, alleging it was caused by an accidental injury arising out of his employment. At the hearing before the commission on December 10th, 1936, eight issues were submitted, the first of which was whether Jackson sustained "an accidental injury causing hernia arising out of and in the course of his employment." The commission answered the first issue "no," and accordingly did not pass upon the other issues. Claimant thereafter appealed from that decision to the Circuit Court for Allegany County, where the case was heard upon the eight issues similar to those considered by the commission. At the conclusion of the testimony offered on behalf of the claimant, the trial court granted a prayer offered by his employer, and the latter's insurer, instructing the jury that there was no evidence in the case legally sufficient to prove claimant sustained an accidental personal injury on or about October 9th, 1936, and their answer to the first issue should be "no." An exception to that ruling was reserved by claimant, and this is the principal question before us for consideration on claimant's appeal from the judgment thus rendered against him.

In detailing the circumstances under which the hernia occurred, claimant testified that, on the date in question, he was putting the rear wheel on a truck; that this required the use of a new key, and after he had the wheel a part of the way on the axle, it stuck, and "the pain came on"; he "turned around and in a little while the pain disappeared." He reported this to his foreman and felt

no further discomfort until about 9 o'clock that evening when, upon getting ready to retire, he examined himself and found "a lump upon his stomach"; that he returned to work the following morning and reported the matter to his employer, who sent him to a physician, by whom he was informed of the existence of the hernia; and that he subsequently underwent a surgical operation for its correction.

On cross-examination, he testified that he had put on "a good many wheels of the same type," also that he did not recall slipping while attempting to put on this particular wheel; that he did not fall, but as he was "shoving the wheel on, it stuck and jarred me and the pain struck me." He also testified that other men employed by the same company did the same line of work, and that putting on wheels was considered the ordinary work of a mechanic; that he had never previously suffered from hernia.

Except as above stated, there is no additional evidence in the case which even remotely tends to establish any accidental injury to claimant immediately prior to the appearance of the hernia. Section 32 of the Acts of 1914, ch. 800, as amended (Code Pub. Gen. Laws [Supp. 1935], art. 101, sec. 32, confines its application to injuries sustained by persons engaged in extra-hazardous employment as therein specified, while by the specific language of section 14, repealed and re-enacted by Acts 1916, ch. 597 (Code Pub. Gen. Laws 1924, art. 101, sec. 14), these are made compensable only when disability or death results from an accidental personal injury which arises out of and in the course of the servant's employment. In this case, no doubt exists concerning the character of the employment, for this was extra-hazardous in nature (*Wheeler v. Rhoten*, 144 Md. 10, 123 A. 572), nor by reason of any contention that at the time claimant was stricken he was not acting within the scope of that employment.

But does the evidence directly or inferentially tend to show that he sustained an accidental personal injury,

which induced the hernia? He admits that he never slipped or fell while putting on the wheel, further, that this was the work which he customarily did and was employed to do. He did testify that, when it stuck, he got a jar and then felt the pain in the side; but this statement must be read in connection with his previous account as to exactly what did happen. It is undoubtedly true that any one engaged in manual labor necessarily receives jars to the body, but such as is here described, in our judgment, is not to be classed as an accidental personal injury, which he frankly admits he did not sustain. Such an injury as the statute contemplates means any fortuitous, casual, and unexpected happening which causes personal disability or death resulting from unknown cause or from the unexpected and unusual operation of a known cause. *State Roads Commn. v. Reynolds,* 164 Md. 539, 546, 165 A. 475. See, also, *Heil v. Linck,* 170 Md. 640, 185 A. 555, and cases there cited; *Beadle v. Bethlehem Steel Co.,* 172 Md. 541, 193 A. 240. We find nothing in the case tending to show that claimant was subjected to any undue strain or stress or in any manner sustained an accidental injury to his person. The action of the trial court in instructing the jury that the evidence was legally insufficient to prove that he sustained such an injury was therefore free from error, and the judgment appealed from must be affirmed.

*Judgment affirmed, with costs to appellee.*