FRANK CAVANAUGH, PETITIONER-DEFENDANT, v. MURPHY VARNISH CO., RESPONDENT-PROSECUTOR.

Submitted May 22, 1942—Decided May 3, 1943.

Before Justices CASE and DONGES.

For the prosecutor, *George E. Meredith.*

For the defendant, *David Roskein* and *John A. Laird.*

The opinion of the court was delivered by

DONGES, J.   This writ brings up for review a finding of the Essex County Court of Common Pleas reversing a determination of the Workmen's Compensation Bureau and awarding compensation to the petitioner-defendant.   At the time of the hearing (petitioner-defendant has since died) it was the contention of the petitioner that he was totally disabled by reason of a condition of pulmonary tuberculosis and that this condition resulted from his employment by the prosecutor.

It appears that petitioner was given a physical examination by a physician employed by the prosecutor on March 20th, 1937, when he applied for work, and was approved for employment.   He commenced to work on March 22d, 1937, and worked for two days and part of a third.   His work consisted of loading and unloading a flat truck with cartons containing cans of paint.   Some of these cartons were testified to weigh as much as sixty pounds.   His testimony was that, while lifting one of these heavy cartons, he felt a pain in the chest and commenced to cough.   He walked a few feet away from his truck and suffered a lung hemorrhage in the course of which he spit about a half cup of blood.   He was sent to the clinic and there told by a physician to go home and return in a few days.   He did so and upon his return was informed that he had tuberculosis.   Thereafter he was under treatment for this disease and was unable to work.

Petitioner's testimony was not altogether satisfactory in some respects and was contradicted in some details by other witnesses and by hospital records.   Fellow workmen testified to seeing him suffer the hemorrhage but denied that he said anything about strain from lifting.   The physician at the clinic denied that he reported any strain or other form of accident.   These witnesses said he spoke of having a cold. The testimony of the expert witnesses varied and there was a conflict in their opinion evidence as to the relation between the employment and the condition of the petitioner.

From all the evidence we think it must be found that the following facts are established; that the petitioner, at the time he commenced his employment with prosecutor, was suffering from tuberculosis, either in a dormant or active state—it makes no difference which for the purposes of this decision; that his work was heavy and laborious; that after approximately two and one-half days of this laborious work, he suffered a lung hemorrhage at his place of work, during his working hours and shortly after loading a truck with cartons; that thereafter he was discovered to be tubercular, became progressively worse and was disabled by the disease.

Two questions present themselves for our determination. First, does the evidence establish that there was a causal relation between the work done by the petitioner and his condition, or does it appear that his condition is the normal one resulting from the progress of the disease entirely unaffected by the work? Second, if there is a causal connection, is the petitioner entitled to compensation if the strain suffered was merely the ordinary, regular strain or exertion incident to the heavy work, or must he show an unusual, out of the ordinary strain in order to recover?

Taking up the first question, we are of the opinion that the finding of the Common Pleas Court is fairly supported by the proofs. Where a man infected with tuberculosis undertakes a job involving heavy lifting and, after two and half days of this work, suffers a hemorrhage while at work, is forced to stop work immediately and report for medical treatment, and thereafter is completely disabled and in need of constant medical attention, we think it is a reasonable and logical conclusion to say that there was a causal connection between the work and the physical condition of the man after he had stopped work. The danger inherent in laborious work to one afflicted with tuberculosis is testified to by the expert witnesses and indeed is well known. Rest is universally regarded as an essential in the treatment of this disease. Heavy work activates and stimulates the disease. Even disregarding, as did the lower tribunals, the testimony of the petitioner in those respects in which it is not corroborated, we think there is ample support for the judgment under

review. Admittedly the hemorrhage occurred. Admittedly lifting of heavy boxes was part of the petitioner's work. Admittedly he was, at the time of the hearing, suffering from tuberculosis, and it is established that he had been so suffering and had been unable to work since the time of the alleged accident. The stirring into activity of a dormant condition by a strain incident to work constitutes a compensable accident. *Graves* v. *Burns, Lane and Richardson*, 10 *N. J. Mis. R.* 667; *affirmed*, 110 *N. J. L.* 607; *Rekoon* v. *General Lead Battery Co.*, 119 *Id.* 296. We think there was no error in the holding of the court below in this regard.

As to the second question, it is the contention of the prosecutor that the present state of the law in this state is that a strain incurred in work must be the result of an unusual effort and not one that results from the ordinary exertion required in the performance of the work. The claim is made that the opinion of the Court of Errors and Appeals in *Molnar* v. *American Smelting and Refining Co.*, 128 *N. J. L.* 11, affirming the decision of this court, 127 *Id.* 118, supports this position. In that case there was evidence of an unusual strain but the Supreme Court did not rest its decision upon that evidence, holding that it was not necessary to show unusual effort or exertion. The opinion of the Court of Errors and Appeals pointed out that there was this evidence of unusual strain and that it supported the judgment. The reasoning of the Supreme Court opinion was not expressly disapproved. On the contrary the upper court said: "The degree of the exertion is of no consequence, so long as the performance of the required work caused a strain upon the heart." We find in this opinion no indication of an intention to overrule the previous decisions to the effect that any strain incident to the labor performed, either ordinary or extraordinary, that results in injury, constitutes a compensable accident. In *Ciocca* v. *National Sugar Refining Co.*, 124 *Id.* 329, the Court of Errors and Appeals said: "We need hardly labor the point that simply because an employee does not in his employment exercise out of the ordinary effort, strain or exertion, or is not subjected to greater exposure than that to which other persons generally in that locality are exposed, it does not

necessarily follow that the employee cannot otherwise sustain a compensable accident." We think that if there had been an intention upon the part of the Court of Errors and Appeals, in the Molnar case, to overrule the holding of the Ciocca and other similar cases, it would have done so in express language and not by language which merely permits of such inference because another adequate ground for the decision is pointed out.

We see no merit in the claim of lack of adequate notice. We think the notice to the employer was sufficient, having in mind that the requirement is notice of injury as distinguished from notice of an accident for which compensation is to be claimed.

Upon the whole case, we think there should be an affirmance. As was said in *Ciocca* v. *National Sugar Refining Co., supra:* "A compensable accident arises out of the employment when the proofs show that (1) the employment was one of the contributing causes without which the accident would not have happened, and (2) that the accident was one of the contributing causes without which the injury or death would not have resulted. *Funferi* v. *Pennsylvania Railroad Co.,* 117 *N. J. L.* 508; 189 *Atl. Rep.* 126. A compensable accident arises out of the employment when the proofs show a causal connection between the employment and the injury or death." Tested by these rules, we think the judgment under review is sound and should be affirmed, with costs.