## MINCH *v.* BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM OF BALTIMORE COUNTY

[No. 72, September Term, 1974.]

*Decided November 25, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Leonard S. Jacobson,* with whom was *Davis S. Harris* on the brief, for appellant.

*Richard D. Byrd, Assistant County Solicitor,* with whom were *R. Bruce Alderman, County Solicitor,* and *Harry S. Shapiro, Assistant County Solicitor,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

Corporal Thomas P. Minch, a veteran Baltimore County police officer, was retired for reasons of physical disability

in April, 1973. When his request for accidental disability benefits was denied by the Board of Trustees of the Employees' Retirement System of Baltimore County (the Board), Minch appealed from the Board's order first to Baltimore County's Board of Appeals, then to the Circuit Court for Baltimore County, both of which affirmed the order. He now appeals to this Court.

Section 20-22 of Baltimore County Code (1968) provides for the payment of an accidental disability retirement allowance to an employee who

> ". . . has been totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, without wilful negligence on his part . . . ."

Minch contends that after his promotion to corporal in 1969, he was placed under psychological pressures and tension resulting from a significant increase in his responsibilities. The episode on which Minch relies to support his accidental injury claim is described in his brief:

> "[O]n 19 February 1972, during the performance of his duty as a Corporal in the Western Traffic Division of the Baltimore County Police Bureau with seven police vehicles under his command, he was driving his vehicle, equipped with tire chains, on the roads of Baltimore County during a snow storm. He [learned] over the radio communications system that another police vehicle under his jurisdiction had been involved in an accident with a civilian driver who was believed to be under the influence. At the time he received the call he was some distance away from the scene of the accident. His car was equipped with tire chains which prevented him from proceeding to the scene of the accident at normal speed. He knew that he had less than two hours remaining on his shift during which he would be required to investigate the accident and return the civilian driver to the Western

Traffic Division Station for a breatholyzer test. This combination of circumstances caused him to become tense and nervous and added substantially to the stress that he was under at the time. He radioed back to headquarters and requested that the police officer involved in the accident be instructed to bring the civilian driver to the Western Traffic Station where he would meet him. He was returning to the Western Traffic Station himself when he noted generalized pain and discomfort in the chest radiating to his arms. He returned to the Station, took leave the following day and went to see his personal physician who diagnosed his discomfort as heart attack."

Although Baltimore County Code § 20-22 does not seem to have been heretofore considered by this Court, we have had occasion to determine the effect of comparable statutory provisions. In three cases decided a year ago, *Board of Trustees v. Rollins*, 269 Md. 722, 309 A. 2d 758 (1973); [1] *Board of Trustees v. Grandinetti*, 269 Md. 733, 309 A. 2d 764 (1973), and *Baker v. Board of Trustees*, 269 Md. 740, 309 A. 2d 768 (1973),[2] we considered the entitlement of employees of Baltimore City to special disability benefits.

In *Rollins*, we upheld the award of a special disability benefit to a member of the Baltimore City Police Department who had been permanently disabled as a result of an injury he sustained when the police car which he was driving in the performance of his duties stopped at a traffic

---

1. *Rollins* dealt with Baltimore City Code (1966) Art. 22, § 34 (e) which provides for the payment of a special disability benefit to:

"... any member who has been totally and permanently incapacitated for duty as the result of an injury arising out of and in the course of actual performance of duty, without wilful negligence on his part . . . ."

2. *Grandinetti* and *Baker* involved a similar provision found in Baltimore City Code (1966) Art. 22, § 6 (e):

"... any member who has been totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, without wilful negligence on his part . . . ."

light and was struck in the rear. In *Grandinetti,* we affirmed the award of accidental disability benefits to a city employee who contended that he had been disabled by two heart attacks, the first resulting from a physical assault by a fellow employee; the second, from threats of physical harm, stemming from testimony which he had given before a grand jury.

In *Baker,* we affirmed the denial of accidental disability benefits to a marine engineer, who claimed that a heart attack which he suffered in September was the result of his striking his head on an overhead pipe on a fireboat: on one occasion, four months previously; on another, 18 days before the heart attack.

The rule which can be derived from our cases is that stated for the Court by Judge Hammond in *Vaughan v. Mayor & City Council of Baltimore,* 229 Md. 547, [*Vaughan v. City of Baltimore,*] 184 A. 2d 842 (1962), which denied accidental disability benefits to a fireman who sustained a heart attack while shoveling snow:

> "[T]he phrase 'accidental injury' does not include unexpected results not produced by accidental causes . . . it must result from some unusual strain or exertion of the employee or some unusual condition of the employment." 229 Md. at 550-51, 184 A. 2d at 844.

Five years later, Judge Horney, for the Court, repeated the rule in *Voss v. City of Baltimore,* 246 Md. 345, 228 A. 2d 295 (1967) where accidental disability benefits were denied a fireman who injured his back while shoveling snow:

> "[T]he injury, to be accidental, must result from some unusual strain or exertion or some unusual condition. . . . And if the resulting disability is ordinary instead of accidental, as in the case here, a pension is not allowable." 246 Md. at 353, 228 A. 2d at 299.

The strain to which Corporal Minch attributes his heart condition was no greater than that to which a police officer

is regularly subject in the ordinary performance of his duty. We think Judge MacDaniel, who heard the case below, had it about right when he said:

> "As a police officer, Corporal Minch's every day activities included the necessity of responding to calls under exigent circumstances, similar to the one involved here, which required quick response on his part, both in a personal judgment manner and personal physical action manner. This type of activity was a customary routine from the time he joined the force, with the resulting intensity upon his promotion some three years prior to the incident. The course of events that day cannot be classified as 'unusual and extraordinary' to his employment condition. Nor can the addition of the snowstorm, limited time element, and emotional anxiety elevate the incident to an 'accidental injury' since they are not of such a nature to be outside of the realm of his employment conditions and responsibilities."

The situation here clearly parallels that of the firemen, who customarily shovel snow at firehouses. It cannot be equated with the injury sustained by Sergeant Rollins, through no fault of his own, while engaged in the performance of his duties, or with Mr. Grandinetti's heart condition, which resulted from the assault and harassment to which he was subjected.

*Order affirmed, costs to be paid by appellant.*