This is an appeal from a decision of the compensation review division of the workers' compensation commission affirming the finding and award of the commissioner for the fourth district *Page 837 
and dismissing the appeal of the employer, Pantry Pride (Food Fair) and its insurer, Crum Forster Insurance Company.
The commissioner found the following facts, which do not appear to be in dispute: The plaintiff, whom the employer had hired at the age of twenty-four, was the manager of the defendant's Trumbull store, supervising sixty-four employees and four assistant managers. During his eleven-year tenure as store manager, the plaintiff had worked at least sixty hours each week. Entitled to three continuous weeks of vacation, the plaintiff nevertheless chose to vacation for only one week at a time. When he was not at work the plaintiff performed ordinary household maintenance chores about the family residence and managed the store softball team. Although he gained thirty-five pounds after he stopped smoking in 1975, the plaintiff generally enjoyed good health.
On Wednesday, May 5, 1976, when informed that his store showed a sizable cash shortage, the plaintiff stayed at work late to prepare for an investigation to be conducted the following morning by security officers from the employer's central office. When he returned home that evening, the plaintiff was unable to eat and had a restless night, perspiring profusely. On the following day, after he produced deposit slips which he had obtained from an employee the previous evening, the plaintiff and several of his employees were questioned by the security officers. The investigators subsequently discovered that one of the store employees had negligently failed to make all deposits when due. The plaintiff stayed at the store late again on Thursday, and could neither eat nor sleep well when he returned home. He arrived at the store on Friday in a cold sweat and, between approximately 9 a.m. and 9:30 a.m., while the investigators were still on the premises, the plaintiff collapsed to the floor of his office. *Page 838 
While unconscious, the plaintiff was taken to the hospital where he was diagnosed as having suffered an acute myocardial infarction, cardiac arrest, cerebral anoxia with cerebral impairment and right upper lobe atelectasis. Although the plaintiff has recovered physically, as a result of the cardiac incident he now possesses dull normal intelligence with significant memory lack. Three physicians testified that on-the-job emotional stress combined with his preexisting coronary artery disease to cause the plaintiff's massive heart attack on May 7, 1976. The defendants' own medical expert could not say that job stress was not a factor contributing to the infarction.
The commissioner concluded that the plaintiff's infarction and cardiac arrest were caused by the unusual job-related stress and exertion of May 5, 6 and 7, 1976. The defendants have moved to correct this finding and award to read that the infarction and cardiac arrest did not arise out of and in the course of his employment, but resulted from the natural progression of his preexisting coronary artery disease.
To resolve this dispute, we must decide whether these circumstances fall within the purview of General Statutes 31-275 (8), which provides that "`[p]ersonal injury,' or `injury,' ... shall be construed to include, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of ... repetitive acts incident to such employment, ... as herein defined." The defendants contend that this situation is stress related and not tantamount to an accidental injury.
When reviewing the findings of the commissioner, the trial court may neither retry the facts nor hear evidence other than that certified to it by the commissioner. Adzima v. UAC/Norden Division, 177 Conn. 107, *Page 839 
118, 411 A.2d 924 (1979). This court's power to correct findings made by the commissioner "is analogous to, and its method of correcting the finding similar to, the power and method of the Supreme Court in correcting the findings of the trial court." Ibid. "The commissioner's ultimate conclusions are tested by the subordinate facts found, and they stand unless they result from an incorrect application of the law to those facts or from an inference illegally or unreasonably drawn from them." Balkus v. Terry Steam Turbine Co.,167 Conn. 170, 174, 355 A.2d 227 (1974).
Much of the more recent litigation concerning the term "injury" has involved various mental and nervous conditions "which, as the tangible effects of mental states on physical functions are better understood, have come to play a large part in modern concepts of disability." 1B Larson, Workmen's Compensation 42.20 (1980). With the exception of one decision to the contrary, decisions rendered in the past quarter century have uniformly awarded compensation where mental or nervous stress has caused distinct physical injury. Larson, loc. cit.; contra, Toth v. Standard Oil Co., 160 Ohio St. 1, 113 N.E.2d 81
(1953). In many of these decisions, courts have found sufficient causation between sustained job-related anxiety and pressure and ensuing heart attacks to find for, and make workers' compensation awards to, claimants. See Coleman v. Andrew Jergens Co., 65 N.J. Super. 592, 596,168 A.2d 265 (1961); Little v. J. Korber Co.,71 N.M. 294, 298, 378 P.2d 119 (1963); Klimas v. Trans Caribbean Airways, Inc., 10 N.Y.2d 209, 215,176 N.E.2d 714 (1961). Moreover, our own Supreme Court has held that death from coronary thrombosis, "if caused by unusual excitement and over-exertion is an accidental injury within the compensation law." Stier v. Derby, 119 Conn. 44, 52, 174 A. 332 (1934). *Page 840 
We cannot say that the finding and award of the commissioner resulted either from an incorrect application of the law to the facts or from an inference illegally or unreasonably drawn from them. Hence, we affirm the award.
 There is no error.
In this opinion SHEA and BIELUCH, Js., concurred.