622 A.2d 808

**Richard A. ARBOGAST, Sr.**

v.

**BALTIMORE COUNTY, Maryland.**

**No. 1193, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

April 7, 1993.

Damon A. Trazzi (Trazzi & Grasso, on the brief), Timonium, for appellant.

James A. Helfman, Asst. County Atty. (H. Emslie Parks, County Atty., on the brief), Towson, for appellee.

Argued before MOYLAN, BLOOM and WENNER, JJ.

WENNER, Judge.

Appellant, Richard A. Arbogast, Sr., has appealed from a judgment of the Circuit Court for Baltimore County. On appeal, he asks us "[whether] the Board of Appeals [erred] in finding that [his] emotional condition which resulted from [his] being subjected to police brutality charges did not constitute an accidental injury within the meaning of Baltimore County Code Section 20–20?" We shall answer appel-

lant's question in the negative and affirm the judgment of the circuit court.

## BACKGROUND

Appellant joined the Baltimore County Police Department in 1983. On July 6, 1985, he responded to a call concerning a dispute between neighbors and made several arrests. Subsequently, one of those arrested charged appellant with brutality and misconduct.

Appellant asserts that he developed symptoms of anxiety, including high blood pressure, within a few days after the charges were filed against him. Nonetheless, appellant was exonerated following an internal investigation, and, in 1987, became a member of the department's canine unit. Before becoming a member of the canine unit, appellant was required to undergo and passed a physical examination.

In fact, appellant was submitted to a number of physical examinations from the time he joined the police department. His pre-employment physical revealed a family history of heart problems and hypertension. On several occasions, appellant's blood pressure was found to be elevated and medication was prescribed.

In April of 1989, appellant sought an accidental disability retirement from the Employer's Retirement System of Baltimore County, based upon hypertension and physical and mental problems that he contended resulted from the internal investigation to which he had been subjected. After appellant was granted an *ordinary* disability retirement, he appealed to the Baltimore County Board of Appeals. Following a hearing, the Board concluded that "The filing of a citizen's complaint which Officer Arbogast indicates triggered his emotional upheaval is not an accidental injury as contemplated by Section 20–22 of the Baltimore County Code." Appellant then noted an appeal to the Circuit Court for Baltimore County, which affirmed the Board's decision. This appeal followed.

## I.

According to appellant, the Board of Appeals erred as a matter of law in concluding that his disability was not the result of an accidental injury. We disagree.

■ Section 20–22 of the Baltimore County Code, discussing accidental disability benefits, provides in pertinent part:

any member who has been totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, without wilful negligence on his part, shall be retired by the board of trustees....

An "accidental injury" does not include "unexpected results not produced by accidental causes ... [the injury] must result from some unusual strain or exertion of the employee or some unusual condition of employment." *Minch v. Board of Trustees*, 273 Md. 167, 170, 327 A.2d 889 (1974), *citing, Vaughan v. City of Baltimore*, 229 Md. 547, 550–51, 184 A.2d 842 (1962); *see also, Belcher v. T. Rowe Price Foundation, Inc.*, 329 Md. 709, 745–746, 621 A.2d 872 (1993); *Board of Trustees v. Grandinetti*, 269 Md. 733, 739, 309 A.2d 764 (1973); *Voss v. City of Baltimore*, 246 Md. 345, 353, 228 A.2d 295 (1967); *Kelly–Springfield Tire Co. v. Daniels*, 199 Md. 156, 161, 85 A.2d 795 (1952). In other words, an accidental injury in a case such as this is analogous to an accidental injury covered by Worker's Compensation.

Appellant asserts that *Sargent v. Board of Educ., Baltimore Co.*, 49 Md.App. 577, 433 A.2d 1209 (1981), supports his contention that, although conditions such as those encountered by him are part of his duties as a police officer, they can still be considered accidental if the strain placed upon him was beyond the normal stress encountered by a police officer. *Sargent* involved a custodian who collapsed while cleaning a boiler. We found in *Sargent* that, although boiler cleaning was part of the job description of the

custodian, it constituted an unusual strain. *Id.* at 581, 433 A.2d 1209.

> There have been no generic definitions of what constitutes an unusual condition of employment or an unusual strain or exertion; those criteria have been defined more or less on a case-by-case basis, with the court, in each instance looking to the nature of the employee's routine duties, the normal conditions of employment, and the usual mental and physical demands placed upon the employee at work.

*Id.* (footnote omitted).[1]

*Sargent,* however, is distinguishable from the case *sub judice.* In *Sargent,* appellant was required to clean the boiler under extreme conditions:

> The inside of the boiler was dark, illuminated by one hanging light, and very sooty. The boiler was large enough to accommodate three people, with each person entering the boiler through a small opening by lying horizontally on a board which slid through the opening. When cleaning the boiler, the custodians wore masks as a precaution against hazardous breathing conditions. Once inside, the custodians would clean the soot off the interior walls of the boiler with a wire brush.

*Sargent,* 49 Md.App. at 579, 433 A.2d 1209.

■ Police officers are trained to respond to calls such as the one responded to by appellant. Moreover, at trial appellant testified that being charged with police brutality was part of a police officer's job, although it does not "happen everyday." In addition, police officers are trained to understand the rules, regulations, and procedures of the police department so as to avoid such charges. Officers are aware that charges of brutality and misconduct may be filed against them, and they learn the procedure to be

---

1. *Sargent v. Board of Educ., Baltimore Co.,* 49 Md.App. 577, 581, 433 A.2d 1209 (1981), note 3, gives several examples of Maryland cases in which an injury was found to be accidental, and several in which injury was found not accidental.

followed if such charges are filed. Consequently, we do not believe that the charges filed against appellant constituted an unusual strain or exertion or an accidental injury.

Appellant also feels that *Donato v. Pantry Pride*, 37 Conn.Supp. 836, 438 A.2d 1218 (1981), and *Williams v. Regional Transit Authority*, 546 So.2d 150 (La.1989), demonstrate that the effects of an internal investigation of charges of misconduct constitutes an accidental injury. We believe appellant's reliance on *Donato* and *Williams* is unfounded.

*Donato* involved a Worker's Compensation claim by an employee who suffered a heart attack following an investigation of a cash shortage at the store managed by him. In holding the employee's injury to be accidental, the court relied on a decision that held that death by heart attack, "if caused by unusual excitement and over-exertion is an accidental injury within the compensation law." *Donato*, 438 A.2d at 1220 (citations omitted). We believe that *Donato* is analogous to *Sargent* and has no application here.

*Williams* also involved a Worker's Compensation claim resulting from the wrongful arrest of a New Orleans streetcar operator. In *Williams*, the court emphasized the wrongful arrest in holding that Williams had suffered an accidental injury. Unlike *Williams*, in the instant case appellant was not subjected to a wrongful arrest; rather, appellant was subjected to an internal investigation that exonerated him. On the other hand, it does not seem unusual for the court to have considered the operator's unlawful arrest to be "an unusual condition of employment or an unusual strain or exertion." There was no error.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.