RIEGER *v.* WASHINGTON SUBURBAN SANITARY COMMISSION ET AL.

[No. 26, October Term, 1956.]

· *Decided November 9, 1956.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ., and HENDERSON, J., Chief Judge of the Fourth Judicial Circuit, specially assigned.

*C. Orman Manahan,* for appellant.

*Joseph H. Young,* with whom were *Jesse Slingluff, Jr.,* and *Piper & Marbury* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment affirming an order of the State Industrial Accident Commission dismissing a claim for compensation, after the court granted a demurrer prayer withdrawing the case from the jury. The question here presented is whether there was legally sufficient evidence to show that the back injury sustained by the claimant was accidental, within the meaning of the Statute.

At the time of the injury the claimant was working as a pipe fitter in an underground vault at a dam site. Horizontal water pipes four feet in diameter entered the vault near the ceiling, which had to be connected to vertical pipes by means of elbows. These were secured by bolts through flanges and gaskets, about forty bolts to a flange. The claimant was on a scaffold about twelve feet from the ground, tightening the bolts with a three-foot box wrench. While pulling down on the wrench, a pain hit him in the back. He did not slip or fall. He had to reach around the vertical pipe to reach the bolts which connected the horizontal pipe to the elbow. He was "off position" when tightening the bolts. There was nothing unusual about his position or the particular bolt he was tightening. "All the bolts were off balance". In response to a question "* * * do you usually work off balance like that?", he replied: "That's normal procedure, yes." He had been doing the same type of work for about two months prior to the injury. Prior to that time he had worked as a carpenter.

The law on the point seems perfectly clear. Under the

Maryland Compensation Act, Code (1951), Art. 101, sec. 14, not all injuries arising out of and in the course of employment are compensable, but only accidental ones. The cases were recently reviewed in *Stancliff v. H. B. Davis Co.,* 208 Md. 191. As far back as *Jackson v. Ferree,* 173 Md. 400, this Court rejected the view expressed in *Fenton v. Thorley & Co., Ld.,* (1903) A. C. 443, that nothing more is required than that the harm be unexpected. See also *Kelly-Springfield Co. v. Daniels,* 199 Md. 156, and *Caled Products Co., Inc. v. Sausser,* 199 Md. 514. Under the Maryland cases an injury is accidental only when it results from some unusual strain or exertion or some unusual condition in the employment. The facts of the instant case are quite analogous to those in the *Kelly-Springfield* case, *supra,* where the employee suffered a rupture of an intervertebral disc while lifting the end of a one hundred pound bag. In the *Jackson* case, the injury occurred while the employee was changing a tire. The position of the workman in each of those cases probably contributed to the injury, but recovery was not allowed because the position was a normal incident of the work. We find nothing in the instant case to differentiate it from the cases cited. Cases relied on by the appellant, such as *Coal Co. v. Chisholm,* 163 Md. 49, *Schemmel v. Gatch & Sons, etc., Co.,* 164 Md. 671, *Baltimore v. Schwind,* 175 Md. 60, *Foble v. Knefely,* 176 Md. 474, and *Baltimore & Ohio R. R. Co. v. Zapf,* 192 Md. 403, are all readily distinguishable.

*Judgment affirmed, with costs.*